IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | DOCKET NO. 1:19-CR-33-(LAG) |
| VS. : | |
| : | |
| JAVARIUS MALLORY, : | |
| aka JAVARIOUS MALLORY : | |
| _____ : | |

### PLEA AGREEMENT

It is agreed by the United States of America, by and through its undersigned attorney, and JAVARIUS MALLORY, aka JAVARIOUS MALLORY, hereinafter referred to as "Defendant," and Defendant's undersigned attorney, as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant the attorney's understanding of the government's evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by jury. The Defendant understands that at a jury trial, Defendant would enjoy a presumption of innocence, and that the government would have the burden of proving Defendant's guilt beyond a reasonable doubt. The Defendant understands that Defendant would be entitled to the services of a lawyer at all stages of such a trial. The Defendant understands that Defendant would be entitled to confront and to cross-examine the government's proof, and to present witnesses and evidence in Defendant's own behalf. The Defendant understands that Defendant would have the right to testify in Defendant's

J.M
MVC

own behalf, but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant is satisfied with the services of Defendant's lawyer. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

The United States Attorney and the Defendant understand and agree that the Court should consider its sentence in light of the advisory Federal Sentencing Guidelines, as explained in United States v. Booker, 543 U.S. 220, 125 S.Ct. 738 (2005). Defendant knowingly and voluntarily waives any further objections that Defendant may have based on Booker, Apprendi v. New Jersey, 530 U.S. 466 (2000), and their progeny. Defendant therefore agrees that at sentencing the Court may determine any pertinent fact by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. The Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to sentencing in this case.

(3)

Defendant being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in paragraph (4) below, agrees pursuant to Rule 11(c), Federal Rules of Criminal Procedure, as follows:

(A) Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Counts Six and Fourteen of the indictment which charges Defendant with possession and discharge of a firearm during a crime of violence in violation of Title 18, United States Code, Section 924(c)(1)(A) and 2.

J. m

AMC

(B) Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A), above, will subject Defendant: for Count Six, to a maximum period of imprisonment of life, to a minimum mandatory term of ten years consecutive to the period of imprisonment imposed for Count Fourteen, a fine not to exceed $250,000, or both, and a term of supervised release of not more than 5 years; and for Count Fourteen, to a maximum period of imprisonment of life, to a minimum mandatory term of ten years consecutive to the period of imprisonment imposed for Count Six, a fine not to exceed $250,000, or both, and a term of supervised release of not more than 5 years,  Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count for a total of $200.00.

(C) Defendant acknowledges and understands that the Court is not bound by any estimate of the advisory sentencing range that Defendant may have received from Defendant's counsel, the government, or the Probation Office.  Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea because Defendant has received an estimated guideline range from the government, Defendant's counsel, or the Probation Office which is different from the advisory guideline range computed by the Probation Office in the Presentence Report and found by the Court to be the correct advisory guideline range.

(D) Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to consider or determine an advisory guideline sentencing range until after a pre-sentence investigative report has been completed.  The Defendant understands and has discussed with Defendant's attorney that the Defendant will have the opportunity to review the pre-sentence investigative report and challenge any facts reported therein.  The Defendant understands and has discussed with Defendant's attorney that any objections or challenges by the



Defendant or Defendant's attorney to the Pre-Sentence Report, the Court's evaluation and rulings on that Report, or the Court's sentence, will not be grounds for withdrawal of the plea of guilty.

(E)     Defendant understands and has discussed with Defendant's attorney that after the Court considers the advisory guideline range for this case, the Court will have the discretion to impose a sentence that is more severe or less severe than the advisory guideline range.

(F)     Defendant agrees to provide a check for the mandatory assessment at the time of sentencing.

(G)     The Defendant understands, and has fully discussed with Defendant's attorney, that the Court shall order total restitution in this case pursuant to 18 U.S.C. § 3663A and that Defendant agrees to pay the restitution ordered by the Court whether to an identifiable victim or the community.

(H)     Understanding that Title 18, United States Code, Section 3742 provides for appeal by a Defendant of the sentence under certain circumstances, Defendant waives any right to appeal the imposition of sentence upon Defendant, including the right to appeal the amount of restitution imposed, if any, except in the event that the District Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the District Court at the time of sentencing, or in the event that the District Court imposes a sentence in excess of the statutory maximum.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under Title 28, United States Code, Section 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by Title 28,

4

J.M

RVC

United States Code, Section 2241. Defendant waives any right to file a motion for modification of sentence, including under Title 18, United States Code, Section 3582(c)(2), except in the event of a future retroactive amendment to the sentencing guidelines which would affect Defendant's sentence. Defendant and the Government agree that nothing in this plea agreement shall affect the Government's right or obligation to appeal as set forth in 18 U.S.C. § 3742(b). If, however, the Government appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant acknowledges that this waiver may result in the dismissal of any appeal or collateral attack Defendant might file challenging his/her conviction or sentence in this case. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the Government, be remanded to the District Court to determine whether Defendant is in breach of this agreement and, if so, to permit the Government to withdraw from the plea agreement.

(I) Defendant and the government stipulate and agree that there was no detected or identified biological evidence obtained during the investigation and prosecution of the matter which is subject to DNA testing. The Defendant further agrees that all evidence obtained in this investigation and prosecution may be destroyed or returned to its rightful owner.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States Attorney for the Middle District of Georgia agrees as follows:

(A) That he will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the United States

5



Attorney at the time of Defendant's guilty plea, which might have been brought solely in this district against the Defendant.

(B) That if the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive a downward adjustment in the advisory guideline range. Defendant understands, however, that the decision whether the Defendant will receive any sentence reduction for acceptance of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(C) That it further agrees, if the Defendant cooperates truthfully and completely with the Government, including being debriefed and providing truthful testimony, at any proceeding resulting from or related to the Defendant's cooperation, to make the extent of the Defendant's cooperation known to the sentencing court. If the Defendant is not completely truthful and candid in cooperating with the Government, the Defendant may be subject to prosecution for perjury, false statements, obstruction of justice, and/or any other applicable charge. If the cooperation is complete prior to sentencing, the Government agrees to consider whether such cooperation qualifies for "substantial assistance" pursuant to 18 U.S.C.§ 3553(e) and or Section 5K1.1 of the Sentencing Guidelines warranting the filing of a motion at the time of sentencing recommending a downward departure from the applicable guideline range. If the cooperation is completed after sentencing, the Government agrees to consider whether such cooperation qualifies as "substantial



assistance" pursuant to Rule 35 (b) of the Federal Rules of Criminal Procedure warranting the filing of a motion for reduction of sentence within one (1) year of the imposition of sentence. In either case, the Defendant understands that the determination as to whether the Defendant has provided "substantial assistance" rests solely with the Government. Ant good faith efforts on the part of the Defendant that do not substantially assist in the investigation or prosecution of another person who has committed a crime will not result in either a motion for downward departure or a Rule 35 motion. In addition, should the Defendant engage in any additional criminal conduct, the Defendant shall not be entitled to consideration pursuant to this paragraph.

(D) Pursuant to Section 1B1.8 of the United States Sentencing Guidelines, the Government agrees that any self-incriminating information, which was previously unknown to the Government and is provided to the Government by the Defendant in connection with Defendant's cooperation and as a result of the Defendant's plea agreement to cooperate, will not be used in determining the advisory guideline range. Further, the Government agrees not to bring additional charges against the Defendant, with the exception of charges resulting from or related to violent criminal activity, as defined in 18 U.S.C. § 924(e)(2)(B) (i), based on any information provided by the Defendant in connection with the Defendant's cooperation, which information was not known to the Government prior to said cooperation. This does not restrict the Government's use of information previously known or independently obtained for such purposes.

(E) If the Defendant affirmatively manifests an acceptance of responsibility as contemplated by the Sentencing Guidelines, the United States Attorney will recommend to the Court that the Defendant receive a downward adjustment in the advisory guideline range. However, the decision whether the Defendant will receive any sentence reduction for acceptance



of responsibility rests within the Court's discretion. The United States expressly reserves its right to furnish to the Court information, if any, showing that the Defendant has not accepted responsibility, including, but not limited to, denying his involvement, giving conflicting statements as to his involvement, or engaging in additional criminal conduct including personal use of a controlled substance.

(5)

Nothing herein limits the sentencing discretion of the Court.

(6)

This agreement constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

(7)

As an aid to this Court, the United States Attorney and the Defendant, by and through Defendant's counsel, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. Policy Statement Section 6B1.4(d), this Court may accept this stipulation as written or in its discretion with the aid of the Pre-Sentence Report determine the facts relevant to sentencing.

8



Subject to the above paragraph, the United States Attorney and the Defendant stipulate and agree that the following facts are true and would be proven beyond a reasonable doubt at a trial:

On September 23, 2016, at the Neighborhood Grocery, located at 1801 West Gordon Avenue in Albany, Georgia, at approximately 8:40 am, Defendant Mallory, armed with a loaded 9 mm pistol, wearing a gray and black long-sleeve shirt, blue jeans, and dark shoes, with his face covered by clothing and a glove on his left hand, entered the store and immediately fired a shot into the ceiling, telling the customers in the store to get down. Defendant Mallory pointed the gun at the clerk and demanded money. The clerk complied and gave Defendant Mallory cash from the register. Then, Defendant Mallory demanded more money. When the clerk tried to show Defendant Mallory that there was no more, Defendant Mallory demanded that the clerk get more money from the office. The clerk complied and got more cash from a drawer and gave it to Defendant Mallory. Defendant Mallory continued to demand more money, discharging his weapon into the ceiling with each demand. Defendant Mallory then fled on foot and was not apprehended. The amount of cash taken was $3923.00. Five spent 9 mm shell casings were recovered inside the store.

On November 3, 2016, at approximately 9:57 p.m., Defendants Parks and Mallory, armed with black handguns and wearing dark clothing with shirts or ski masks covering their faces, entered the Dawson Road Food Mart (which is part of a Shell gas station), located at 1200 Dawson Road in Albany, Georgia. Defendant Parks went behind the counter and removed a total of $8916.83 from the two registers and a safe. The lone clerk kept his hands in the air the entire time. Defendant Mallory stood at the door. Next, Defendant Parks robbed the clerk of approximately $400.00 on his person. As Defendant Parks was coming back out from around the

9



counter, Defendant Mallory leaned over the counter and shot the clerk in the right leg above the knee. Defendants Parks and Mallory then exited the store and were not apprehended. One spent 9 mm. shell casing was recovered inside the store.

Defendant Mallory now admits that in furtherance of the two armed robberies of convenience stores he committed on September 23, and November 3, 2016 described immediately above, he discharged a firearm as described herein.

(8)

ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by the Defendant.

SO AGREED, this 8 day of January, 20 20.

CHARLES E. PEELER
UNITED STATES ATTORNEY

BY: _____
DANIAL E. BENNETT
ASSISTANT UNITED STATES ATTORNEY

J.M

RDC

I, JAVARIUS MALLORY, aka JAVARIOUS MALLORY, have read this agreement and had this agreement read to me by my attorney, RICK COLLUM. I have discussed this agreement with my attorney and I fully understand it and agree to its terms.

*Javarius Mallory*
JAVARIUS MALLORY, aka
JAVARIOUS MALLORY
DEFENDANT

I, RICK COLLUM, attorney for Defendant, JAVARIUS MALLORY, aka JAVARIOUS MALLORY, have explained the indictment and the government's evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

RICK COLLUM
ATTORNEY FOR DEFENDANT